William H. GIBSON, Lee Ray Mollette,
and Gordon D. Horne, Plaintiffs–
Appellants,

v.

PLYMOUTH LOCOMOTIVE
INTERNATIONAL, INC.,
Defendant–Appellee.

No. 98–4311.

United States Court of Appeals,
Sixth Circuit.

July 9, 2001.

Before NELSON, BOGGS, and
BATCHELDER, Circuit Judges.

PER CURIAM.

The plaintiffs are three long-time employees of Plymouth Locomotive ("the company") who sued claiming age discrimination following their layoff from the company for a period of sixteen weeks ending September 23, 1996. The district court granted summary judgment for the company on the ground that there was no genuine issue of material fact to dispute that plaintiffs were laid off as a result of their failure to consent to a release of claims that was demanded by a potential buyer for the company, rather than for any possible age-related reason. The plaintiffs appeal, and we affirm.

## I

From 1987 to 1996, Plymouth Locomotive operated under an employee stock ownership plan. By 1996 it appeared the company was not operating successfully, and it sought a buyer. As negotiations proceeded, the buyers demanded that all employees who wanted to continue working for the company would have to sign a release of claims and agree to adhere to work rules to be promulgated by the new buyers. This release, denominated a "joinder," was signed by 88 of the 91 employees. The three plaintiffs here, who were each over the age of 40, as were 66 other employees, did not sign the joinder by the deadline of May 29 or June 1, 1996. Plaintiffs were laid off shortly thereafter. Thirty-two workers were as old as the youngest appellant or older, and ten were older than the oldest appellant. Every worker who signed the joinder was retained.

Ultimately, the sale failed to close, and appellants were recalled to work on September 23, 1996. The sale finally was consummated in December 1996, with no requirement of the signing of a joinder, and plaintiffs do not claim any adverse actions at that time or thereafter.

The district court held that plaintiffs were laid off for a legitimate non-discriminatory reason and that plaintiffs had failed to submit evidence opposing summary judgment from which a jury could reject the proferred reason. The plaintiffs point to a variety of information contained in affidavits and testimony by the plaintiffs and others to demonstrate a genuine issue of material fact as to the competence of plaintiffs and the availability of work for plaintiffs to perform. However, defendant clearly proffered as its non-discriminatory reason the refusal of the three employees to sign the joinder. *See* J.A. at 84–90 (motion) and 282–91 (reply brief). At most, plaintiffs respond to this evidence only by alleging that they were not told the consequences of their failure to sign the joinder. However, even if such is accepted as fact, it may reflect on the company's human relations policies, but it does not implicate age discrimination in the face of the undisputed evidence that all of the remaining 88 employees who signed the joinders were retained, including significant numbers of employees as old as and older than plaintiffs.

## II

Defendant seeks sanctions in the form of attorney's fees and costs for bringing a frivolous appeal. We agree that the appeal in this case lacks objective merit. Without some attempt to counter the fact that all older employees who signed the joinders were retained, plaintiffs are left with an understandable sense of grievance, but no viable legal theory, nor does the appeals brief attempt to present one. In *Reynolds v. Humko Products,* 756 F.2d 469, 473–74 (6th Cir.1985), we held that sanctions under Fed. R.App. P. 38 were appropriate in a case in which a white truck driver claimed race discrimination but could present no theory or evidence to show that he had been treated different than similarly situated black employees. We believe this is an appropriate case for some sanction, but limit the imposition of sanctions to that of double costs, as permitted by Rule 38.

As the appeal in this case makes objectively groundless legal arguments, we believe that the additional costs imposed as sanctions should rest upon the attorney here, rather than the clients. *See Hill v. Norfolk & Western Ry. Co.,* 814 F.2d 1192, 1201–03 (7th Cir.1987).

## III

The judgment of the district court granting summary judgment to the appel-

lee is therefore AFFIRMED. Counsel for appellants is ordered to pay double costs pursuant to Fed. R.App. P. 38. The regular amount of costs taxed pursuant to Fed. R.App. P. 39 are general costs of litigation to be paid in the usual course. The additional costs imposed as sanctions, however, are to be paid by counsel, accompanied by a certification that reimbursement from the client has not been obtained and will not be sought.